# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY LOU FIENI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-cv-5587 |
| ) | |
| v. ) | HONORABLE CYNTHIA M. RUFE |
| ) | |
| FRANCISCAN CARE CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## DECLARATION OF CHARLENE WILSON

I, Charlene Wilson, being of full age and duly sworn, do hereby certify as follows:

1. I was employed as Vice President of Human Resources and Organizational Development, with responsibility for supervising human resources management at Franciscan Care Center, from June 21, 2006 to December 16, 2009. As such, I make this Declaration based on my personal knowledge.

2. I was involved in the decision by Franciscan Care Center to eliminate Plaintiff Mary Lou Fieni's position as a Unit Clerk on June 23, 2008.

3. At the time when Plaintiff's position as a Unit Clerk at Franciscan Care Center was eliminated on June 23, 2008, I did not know Plaintiff's age or the age of any other Unit Clerk employed at Franciscan Care Center.

4. Neither I nor anyone acting on Franciscan Care Center's behalf considered or discussed anyone's age in making the decision to eliminate Plaintiff's position.

5. As I testified at my deposition, to my knowledge, Plaintiff never claimed that she suffered from any disability while she was employed by Franciscan Care Center.

6.  Neither I, nor anyone else that I knew of, perceived Plaintiff to have any disability or discussed Plaintiff having any disability.

7.  I have now been told that Plaintiff is claiming that around the time of her termination on June 23, 2008, she received some paperwork from her workers' compensation attorney relating to settlement of a workers' compensation claim against Franciscan Care Center, and that I must have believed Plaintiff was disabled as a result. In fact, I did not know that Plaintiff's attorney had sent her any paperwork around that date. I did not see any of the documents that Plaintiff's attorney sent her, and I did not receive any documents concerning a workers' compensation claim by Plaintiff around that date. I also did not know of any recent settlement of a workers' compensation claim or any determination in Plaintiff's favor on a workers' compensation claim as of the date that she was terminated. While I was employed, Franciscan Care Center utilized a third-party vendor, ESIS, to handle the day-to-day administration and processing of workers' compensation claims.

8.  In any event, neither I nor anyone acting on Franciscan Care Center's behalf considered or discussed anyone's medical condition in making the decision to eliminate Plaintiff's position as a Unit Clerk at Franciscan Care Center.

9.  To my knowledge, Plaintiff never made a complaint of discrimination or retaliation while she was employed by Franciscan Care Center.

I declare under penalty of perjury that the foregoing is true and correct.

_____
CHARLENE WILSON

Dated: October 28, 2010